696 F.2d 476
 8 Ed. Law Rep. 588
 Dr. F. Joseph SMITH, Plaintiff-Appellant,
v.
KENT STATE UNIVERSITY, Dean Ralph Hetzel, Dr. Glenn Olds,
Dr. Lindsey Merrill, Robert Williamson, Board of
Trustees for Kent State University,
Defendants-Appellees.
 No. 81-3485.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 3, 1982.
Decided Jan. 10, 1983.
 
 George B. Vasko (argued), Vasko, Howard & Morris, Akron, Ohio, for plaintiff-appellant.
 Robert H. Stromberg, James W. McCarthy, Asst. Attys. Gen., Columbus, Ohio, Paul Lefkowitz (argued), Cleveland, Ohio, for defendants-appellees.
 Before KENNEDY and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case was brought alleging jurisdiction under 42 U.S.C. Sec. 1983 and also on constitutional grounds (primarily First and Fourteenth Amendment causes of action), against Kent State University ("KSU") its President, Board of Trustees, and other KSU officials involved in the termination of Dr. Joseph F. Smith ("Smith"), a former music professor at KSU. Smith seeks both damages and reinstatement in this proceeding. After a full hearing following a reference from the District Judge, the Magistrate entered a judgment for all defendants, concluding that Smith had breached his contractual obligations to KSU and that his discharge was "not in contravention of any constitutionally protected right." Furthermore, the Magistrate held that defendants, or some of them, enjoyed an Eleventh Amendment immunity from certain contractual claims made by appellant Smith.
 
 
 2
 Smith first became a member of the faculty at KSU in 1967 in the Department of Philosophy. He could not "get along" within that department and was transferred to the School of Music in the fall of 1968. In that same year, he became active in the American Federation of Teachers ("AFT") and involved in solicitation of other Music Department faculty in AFT. A year later, Smith sought tenure, but the Music Department faculty committee recommended against granting this request. Upon the urging of the Director of the Music Department, appellee Merrill, the faculty committee reconsidered and recommended tenure. The next fall, however, 1970, Smith joined in a petition with other music teachers requesting that Merrill be removed because of alleged irregularities in his credentials; after discussion and debate, however, the music faculty voted for his retention. Subsequently Merrill initiated a suit in a state court based on libel against appellant and other signers of the petition.
 
 
 3
 Smith had received an unfavorable rating for his teaching a basic course in Music History, Music 280,[1] one purportedly within his field of expertise. This unsatisfactory experience may well have been an appropriate basis for withholding his request for tenure for a year. Smith was appointed coordinator of the Music History and Literature Division within the Music Department to work on teaching assignments for 1971. The assistant director of the Department and Director Merrill both decided that Smith should teach a section of Music 280 in the fall of 1971. Smith did not agree to this assignment, and then advised the assistant director in writing that he would not teach the course. Merrill responded in writing that Smith was the logical person to be assigned this responsibility.[2] Smith responded to the effect that to teach this course would somehow lower his standing among the academic community. Merrill again called upon Smith to teach the assigned course and again Smith forcefully declined. The KSU Department Dean, next in line of authority, then advised Smith that this assignment was reasonable and requested his written acceptance. The written response forthcoming, once more, was negative.
 
 
 4
 In view of these circumstances, Merrill then advised appellant that he would seek his dismissal for refusal to accept his academic assignment. KSU policies were followed in the ensuing steps resulting from the initiation of dismissal proceedings.[3] The Faculty Hearing Committee, Smith's peers, approved assignment of the course but recommended against dismissal as too severe a sanction; it suggested that Smith be retained if he accepted the Music Director's further authority in respect to class assignments after consultation. Promptly thereafter such a department consultation procedure was adopted, since KSU President Olds accepted the faculty committee recommendation that Smith be retained provided he complied with Merrill's directions and teaching assignments.
 
 
 5
 After receipt of appellant's assurance that he would accede to the Director's authority, appellee Olds as KSU President sent Smith a contract for the 1972-1973 academic year subject to Board of Trustee approval. In September of 1972 the Board ratified Smith's contract on the following express condition:
 
 
 6
 That, should Dr. Smith again refuse to teach what is in the opinion of the president, upon a hearing before him, a reasonable teaching assignment from the School of Music or his delegates, that he be automatically removed from the faculty.
 
 
 7
 Olds then forwarded a copy of this Board action to Smith. With respect to 1972-1973 assignments, Smith did not respond to Merrill's invitation to propose course offerings. In consultation initiated by Music Department administrators, however, when advised he would be asked to teach Music 280, Smith responded that he would take the matter up with his lawyers, and then, just before classes were to begin, advised the assistant Music Department director that it was "inappropriate for me to teach the Music History Survey [course 280] in question."[4] Both Smith and his attorney refused to attend a meeting with the Music Department Executive Committee to discuss the situation regarding his fall assignments; instead, Smith attempted to appeal his assignment.
 
 
 8
 KSU's Music Department officials notified Smith that he was to teach the assigned Music 280 class pending decision on his asserted appeal. Smith did not meet the class for its first session as posted and assigned despite his clear knowledge of the position of KSU and its responsible officials. Thereafter, in response to the University invitation for a meeting, Smith's lawyer agreed that Smith would teach the class pending resolution of the dispute. Once again, however, when the class was again scheduled to convene, Smith failed to appear, and adamantly refused to discuss the matter with a designated faculty representative.
 
 
 9
 President Olds then advised Smith he would conduct a hearing in respect to his status in light of the aforementioned recent Board of Trustees resolution. Smith filed suit in the District Court below against KSU and its officials asserting first amendment and constitutional claims, demanding a full due process hearing which he contended was not what Olds had indicated was forthcoming. Judge Lambros ruled that a due process hearing could proceed before President Olds and that Smith might be suspended pending the hearing.[5]
 
 
 10
 After further notice and hearing in accordance with Judge Lambros' decision in 1973, Olds notified Smith that he was terminated based on the record and the circumstances. This action ensued in 1974.
 
 
 11
 Under the facts related, Smith clearly received his full due process rights in the extended proceedings leading to his termination. The President of the University had authority to act on behalf of its Board of Trustees to effectuate the termination after a hearing and finding that contractual conditions set by the Board had been disregarded by appellant.
 
 
 12
 Under the facts set out, KSU had just cause to terminate Smith regardless of his tenured status, particularly in light of his persistent actions not only in flouting the authority of the Music Department director and assistant director but also in refusing to meet his scheduled classes. The latter conduct violated his own agreement, and it violated the right of KSU students to receive instruction. It was appellant himself whose actions initiated his suspension and ultimate termination.
 
 
 13
 Appellant asserts that his union activities and his petitioning for removal of Merrill constituted protected free speech, and that these were impermissible bases for his termination rather than his refusal to teach the class assigned. Appellant had the burden of proving that his activities did indeed constitute first amendment "speech" and that his termination was the consequence of his exercise of free speech. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Nathanson v. United States, 630 F.2d 1260 (8th Cir.1980); Rosaly v. Ignacio, 593 F.2d 145 (1st Cir.1979); and Roseman v. Indiana University, 520 F.2d 1364 (3d Cir.1975).
 
 
 14
 Here Smith failed in his burden of establishing that his activities were of the nature which are protected under the First Amendment, and it was clear that such activities did interfere with the orderly administration of the Department of Music and KSU. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir.1968). Finally, appellant failed in his burden of showing that his purported "speech" was in fact any motivating basis of his termination. Mt. Healthy City School District Board v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).
 
 
 15
 In view of this conclusion, it is not necessary to discuss further the Eleventh Amendment bar claimed by appellees.
 
 
 16
 The decision of the district court is accordingly affirmed.
 
 
 
 [1]
 Sometimes later referred to as Music 380A
 
 
 [2]
 Only a few among the Music faculty were qualified to teach this particular course
 
 
 [3]
 Notice of charges issued and a hearing ensued after the various administrative determinations were made that dismissal was warranted
 
 
 [4]
 It should be noted that during his relatively brief career in the Music Department Smith also refused to teach other proposed assigned courses
 
 
 [5]
 Smith received no salary for 1972-73 while the other case, Smith v. Hetzel, # C-72-1086 was pending before Judge Lambros